IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATOYA MONROE, individually and on behalf of minor child, ZS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, | § § § | Civil Action No. _____ |
| | § § | |
| LATONYA M. GOFFNEY, in her individual and official capacity, | § § § | |
| *Defendants.* | § § | |

## APPENDIX

| Exhibit | Description |
|---|---|
| 1 | Plaintiff's Complaint and Jury Demand (December 7, 2023) |
| 2 | Docket Sheet: Cause No. 2023-84399; *Monroe, Latoya (On Behalf of her Minor Child ZS) v. Aldine Independent School District, et al*; In the 215th Judicial District Court of Harris County, Texas |
| 3 | Notice of lawsuit |
| 4 | Defendants' Answer to Plaintiff's Original Petition (January 5, 2024) |
| 5 | List of Parties and Counsel of Record |
| | |
| | |

4859-0429-2764, v. 1

# Exhibit 1

12/7/2023 3:00
Marilyn Burgess - District Clerk Harris Co
Envelope No. 82354
By: Monica Jack
Filed: 12/7/2023 10:33

CAUSE NUMBER _____

LATOYA MONROE, individually and on
behalf of minor child, ZS, 7302 Alabonson
Road Apt #302 Houston, TX 77088

       *Plaintiff,*

v.

ALDINE   INDEPENDENT   SCHOOL
DISTRICT,  2520  W.W.  Thorne  Blvd.
Houston, TX 77073

LATONYA M. GOFFNEY, in her individual
and official capacity, 2520 W.W. Thorne
Blvd. Houston, TX 77033

       *Defendants.*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

_____ JUDICIAL DISTRICT

1

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, LATOYA MONROE on behalf of her minor child, ZS, by and through his attorneys, and complaining of Defendants, for acts or omissions of Aldine Independent School District and, states and alleges as follows:

### IDENTIFICATION OF PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, LATOYA MONROE (hereafter "Ms. Monroe") on behalf of minor child, ZS, is a citizen of the State of Texas and lives at 7302 Alabonson Road Apt #302 Houston, TX 77088.

2. Defendant, The ALDINE INDEPENDENT SCHOOL DISTRICT (hereafter "Aldine ISD") is a public school district based in unincorporated Harris County, Texas. Its principal place of operation is 2520 W.W. Thorne Blvd, Houston, TX 77073.

3. Defendant, Dr. LATONYA M. GOFFNEY, in her individual and official capacity, as Superintendent of the Aldine Independent School District at the time of the relevant incidents.

4. The incident causing this action occurred on or about February 1, 2023, and some time thereafter in Harris County, Texas.

5. Jurisdiction of this court is proper pursuant to *Tex. Civ. Prac. & Rem. Code § 15.002(a)(1)* as the claims asserted herein arose in Harris County.

### STATEMENT OF THE RELEVANT FACTS

2

6.  On approximately March 30, 2023, the Plaintiff, Ms. Monroe, acting through her attorney, dispatched a formal Notice of Claim to the Aldine ISD, complete with tracking number 70212720000113828341. This Notice of Claim was duly provided with the intention of asserting a claim for damages arising from the stated circumstances.

7.  ZS, a 6-year-old minor residing in Harris County, Texas, fell victim to numerous instances of sexual assault that transpired within Aldine ISD.

8.  During the timeframe when these sexual assaults took place, ZS was enrolled as a student at Aldine ISD.

9.  The discovery of the sexual assault came to light around February 1, 2023. However, subsequent investigation revealed that multiple sexual assaults had taken place prior to this date, all within the premises and purview of Aldine ISD.

10. ZS was sexually assaulted by an older minor student while traveling on the school bus operated by Aldine ISD. The student attended a different school than ZS, but the decision was made by Aldine ISD to bus students of different ages and attending different schools on the same bus, and without a bus monitor.

11. The sexual assault on February 1, 2023, transpired subsequent to ZS returning home without his backpack following his commute on Aldine ISD Transportation Route 3871 bus.

12. Upon recognizing that ZS's belongings were inadvertently left behind on the bus, ZS's mother, Ms. Monroe, contacted the school's transportation department on the following morning to inquire about the items.

13. Later that same day, Ms. Monroe was requested to pick up ZS and was apprised that an Aldine ISD police officer wished to have a conversation with her. She was taken aback

3

when presented with a video illustrating ZS being sexually assaulted by another minor student.

14. The sexual assaults were reportedly carried out by a middle school student, estimated to be around 12 or 13 years old, who would entice ZS to the back of the bus under the pretext of playing a game.

15. Around a week subsequent to these events, Ms. Monroe noticed the presence of blood after ZS used the restroom, indicating potential internal harm resulting from the assaults. Ms. Monroe immediately took ZS to the hospital.

16. In reaction to these occurrences, Ms. Monroe, along with community advocates, called upon Aldine ISD to promptly introduce bus aides on all school buses as a preventive measure.

17. Furthermore, Ms. Monroe demanded a daily review of camera footage and the arrangement of counseling sessions for both ZS and his family. In addition, the family called for the dismissal of supervisors at the Aldine ISD Transportation Center and the filing of charges against the bus driver.

18. Aldine ISD issued a statement confirming the initiation of an investigation by the Aldine ISD Police Department and district authorities on February 1, 2023, subsequent to their awareness of the incident involving two students on a district bus.

19. Aldine ISD assured Ms. Monroe that appropriate actions would be taken based on the results of the investigation. Due to the ongoing investigation and FERPA regulations, the school district was unable to provide further details to safeguard student privacy.

20. The series of sexual assaults that took place on the school district's bus over the span of several months have inflicted severe and persistent emotional and psychological distress upon ZS, further compounded by the burden of physical trauma and suffering.

21. These distressing events will exert a substantial and lasting influence on ZS's life, compelling him to embark on a journey of healing and recovery that will likely extend throughout his lifetime. The enduring repercussions of these incidents are not confined to his immediate well-being but could also cast a shadow over various aspects of his existence.

22. Beyond the immediate toll on ZS's day-to-day functioning and well-being, these incidents have significantly disrupted and reshaped his personal life, leaving a lasting impact on his emotional and mental state. ZS's educational trajectory has been disrupted, impacting his academic progress and overall well-being. Additionally, the traumatic experiences he endured have cast a long shadow over his cognitive and social development, future career aspirations, and has negatively impacted his outlook for personal growth and future endeavors.

23. Furthermore, these unsettling occurrences may cast a shadow over his future social interactions and relationships. The trust and sense of safety he once had could be eroded, potentially leading to difficulties in forming meaningful and healthy connections with others. The trauma he experienced may cast a long shadow, affecting his ability to engage with peers, colleagues, and even potential romantic partners.

24. The distressing sexual assaults suffered by ZS during his time on the school bus have left an indelible mark on his emotional, physical, and psychological well-being.

## COUNT I - GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

25. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

26. During the relevant period, ZS, a 6-year-old minor, was enrolled in Aldine ISD and endured multiple instances of sexual assault that took place directly on the premises of Aldine ISD.

27. These acts were carried out by an older, minor student who deceitfully enticed ZS to the back of the school bus. These sexual assault incidents transpired on several occasions and culminated in ZS's hospitalization due to physical trauma and harm resulting from the assaults.

28. Consequently, Superintendent LATONYA M. GOFFNEY and Aldine ISD, hereafter "Aldine ISD" bore a duty and professional obligation to safeguard its students from harm, including instances of sexual assault. In discharging these responsibilities, the School held a duty of care towards ZS; a duty that was undeniably violated when Aldine ISD failed to ensure the security of, and demonstrated insufficient supervision over, minor students in its care.

29. Furthermore, Aldine ISD inadequately addressed instances of sexual assault, failed to offer adequate support to victims, and neglected to implement safeguards against contact with perpetrators, thus subjecting ZS to an immediate and predictable danger of harm.

30. Aldine ISD should have established an official policy to safeguard against the sexual abuse of students, a responsibility it grievously neglected. The breach of duty occurred when Aldine ISD:

    a.  Failed to promptly and appropriately address reports of sexual assault;

    b.  Failed to offer adequate support to victims of sexual assault;

    c.  Lacked the implementation of fundamental measures designed to shield victims from contact with their assailants;

    d.  Allowed a culture of sexual assault to thrive within its campus, thus placing students directly at risk of harm;

    e.  Failed to adopt policies and enact effective safeguards to prevent sexual harassment within the school premises;

    f.  Failed to supervise its students.

31. These breaches of duty directly resulted in significant injuries and harm to ZS, encompassing severe emotional and physical pain, trauma, shock, emotional distress, physical manifestations of distress, loss of self-esteem, and a loss of enjoyment of life.

## COUNT II - VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 AGAINST ALL DEFENDANTS

32. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

33. Aldine Independent School District has received federal funding from the U.S. Department of Education. As a recipient institution of Department funds, Aldine ISD bears Title IX obligations in critical issue areas, including counseling and addressing sex-based harassment. Sex-based harassment encompasses sexual assault and various other forms of sexual violence.

34. The incidents of sexual assault perpetrated against ZS took place within the confines of the school district's school bus, which serves as an extension of the standard school facilities. These occurrences were of a severe, pervasive, and unmistakably offensive nature, to the

extent that they deprived ZS of the opportunity to access educational benefits furnished by the school, including a safe and secure learning environment.

35. Aldine ISD, in contravention of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX), created, established, and/or exposed ZS to a hostile educational environment for the following reasons:

   a. The sexual assaults transpired while the students were within a school bus or "under" the purview of Aldine ISD's operations;

   b. ZS experienced several sexual assaults at the hands of another student;

   c. Aldine ISD neglected to implement measures and systems aimed at preventing sexual assaults within its school community;

   d. Despite numerous sexual assaults occurring involving ZS, Aldine ISD took no substantial action;

   e. Aldine ISD failed to promptly and adequately address the complaint, which led to ZS being excluded from engaging in, deprived of benefits from, and discriminated against within Aldine ISD's education program, thus violating Title IX;

   f. The lack of reports from ZS can be attributed to the fact that Aldine ISD cultivated an environment in which victims were hesitant to come forward and report assaults;

   g. Aldine ISD neglected to promptly take effective remedial steps to address instances of sexual assault;

   h. The deliberate indifference exhibited by Aldine ISD in handling sexual assault claims discouraged sexually assaulted students from seeking assistance and protection, and;

     i.  Aldine ISD's deliberate indifference exposed its students to assault or harassment, and at the very least, subjected them to harassment, or left them susceptible to such actions.

36. These breaches of duty resulted in significant harm and damages to ZS, encompassing severe emotional and physical pain, shock, emotional distress, physical manifestations of distress, loss of self-esteem, and a loss of enjoyment of life

37. ZS endured emotional distress, psychological suffering, physical signs of psychological distress, feelings of humiliation, and a diminished sense of self-esteem directly due to Aldine ISD's failure to act.

## COUNT III - VIOLATION OF 42 U.S.C. § 1983 FOR THE STATE-CREATED DANGER AGAINST ALL DEFENDANTS

38. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

39. Aldine ISD, as a state actor, created a dangerous environment in its school community and in its facilities that its employees knew to be dangerous. The school district's use of authority created an opportunity that would not otherwise have existed.

40. Aldine ISD intentionally and recklessly deprived ZS of his recognized right to be safe and secure in his person from any kind of sexual assault in the school community, including its facilities.

41. The School Board Policies 5150 of Aldine ISD provides for students' behavior on school buses. In that policy, the school district intends to provide a safe, efficient and orderly method of transportation for all students. The policy even imposes suspension to students

9

from riding the bus if the students' conduct threatens the safety of others or the efficient and orderly operation of a school bus.

42. Aldine ISD, however, failed to properly monitor all actions of its students and employees despite the fact that surveillance cameras were installed in its facilities.

43. Moreover, the incidents of sexual assault occurred repeatedly over several months, indicating a lack of proper surveillance camera review, which could have prevented the assault from happening in the first place, or would have prevented subsequent assaults.

44. Furthermore, the school district's awareness of the existence of these surveillance cameras puts an even greater responsibility on Aldine ISD to act diligently upon discovering any potential threats or incidents of sexual assault. The fact that they were only made aware of these assaults at a later time suggests a lack of due diligence and proper response protocols.

45. This failure created and enhanced the unreasonable risk of harm and danger of sexual assaults to occur knowing that the discovery of these assaults occurred only at a later time.

46. Aldine ISD served as the direct cause of the injuries endured by ZS by either establishing or exacerbating an unreasonable level of risk. This subjected ZS to sexual assault and subsequently led to emotional distress, psychological anguish, physical manifestations of psychological distress, feelings of humiliation, and a compromised sense of self-esteem.

## COUNT IV- VIOLATION OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT AGAINST ALL DEFENDANTS

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

48. The Fourteenth Amendment to the United States Constitution guarantees every person within the state's jurisdiction equal protection of the laws.

49. Defendants, by their actions and inactions, have treated ZS differently from other students who were in similar situations but did not face the same harm or risk of harm.

50. The Defendants had a policy of integrating age groups on its buses but failed to provide adequate safeguards (like sufficient monitoring or age-appropriate separation), and this policy was applied differently or ineffectively to ZS.

51. The defendants had no reasonable or justifiable reason for the different treatment ZS received and such actions were not based on any legitimate educational goal or necessity.

52. The differential treatment experienced by ZS was based, in whole or in part, on his age, race, and gender, as well as the geographic area of his residence. This discriminatory conduct, influenced by such distinct personal characteristics, constitutes a clear violation of the Equal Protection Clause of the Fourteenth Amendment.

53. As a direct and proximate result of Defendants' violation of ZS's right to equal protection under the law, ZS has suffered significant harm, including but not limited to physical, financial, and emotional injuries.

54. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and any other relief the Court deems just and proper.

## COUNT V- VIOLATION OF FOURTEENTH AMENDMENT DUE TO DELIBERATE

## INDIFFERENCE AGAINST ALL DEFENDANTS

55.  Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

56.  The Fourteenth Amendment to the United States Constitution imposes a duty on state actors not to act with deliberate indifference to the rights and safety of individuals within its care, including students in public schools.

57.  Defendants, being fully aware of the potential dangers involved, consciously made the decision to integrate its students by placing older students in the same environment on its school buses as younger students like ZS, without implementing adequate measures for supervision and safety.

58.  Additionally, Defendants appreciated the dangers that existed by installing surveillance cameras on its buses, however, knowingly failed to monitor such cameras, which was a critical oversight increasing the risk to ZS. This lack of surveillance created an environment where a 6-year-old could be exposed to, and ultimately and repeatedly become a victim of, a severe crime such as rape.

59.  Despite this knowledge, Defendants failed to take reasonable steps to mitigate or prevent the harm to ZS, constituting deliberate indifference to ZS's safety and constitutional rights.

60.  This deliberate indifference directly and proximately caused the violation of ZS's rights and resulted in significant harm to ZS.

61. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and any other relief the Court deems just and proper.

## PRAYER FOR RELIEF

62. **WHEREFORE,** Plaintiff prays for the following relief:

(a) As a direct and proximate result of Aldine Independent School District's actions, ZS has suffered injuries and damages for which he is seeking recovery within the jurisdictional limits of this court. These damages include, but are not limited to:

    a. Loss of educational opportunities

    b. Physical pain

    c. Medical Expenses

    d. Mental anguish, and

    e. Various out-of-pocket expenses incurred by the Plaintiff and her family resulting from the acts and omissions of the Aldine Independent School District.

(b) Judgment in favor of the Plaintiff and against the Defendant on Counts I-III of the Plaintiff's complaint, with an award for compensatory and punitive damages.

(c) An award for non-economic damages to the Plaintiff in an amount determined by the jury to be fair and reasonable.

(d) An award for economic damages in an amount determined by the jury to be fair and reasonable.

(e) An award of prejudgment interest, attorney fees, costs, and post-judgment interest in favor of the Plaintiff and against the Defendant.

(f) Any other legal and equitable relief that the Court deems just and necessary under the circumstances.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 7th day of December, 2023.

**The LaMarr Firm, PLLC**

By:  /s/ B'Ivory LaMarr
B'Ivory LaMarr, Bar No. 24115075
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
Email: blamarr@bivorylamarr.com

**The Yeary Firm, LLC**

Sheridan Todd Yeary[1]
P.O. Box 682
Columbia, MD 21045
(202)770-7204 (o)
410-275-3199 (f)
styeary@yearylegal.com

Attorneys for Plaintiff

---

[1] Pro hac vice to be filed

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

B'Ivory LaMarr on behalf of B'Ivory LaMarr
Bar No. 24115075
blamarr@lamarrfirm.com
Envelope ID: 82354982
Filing Code Description: Petition
Filing Description: Petition
Status as of 12/7/2023 3:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| B'Ivory LaMarr | | blamarr@lamarrfirm.com | 12/7/2023 3:00:40 PM | SENT |

**CAUSE NUMBER _____**

| | |
|---|---|
| LATOYA MONROE individually and on behalf of minor child, ZS, 7302 Alabonson Road Apt #302 Houston, TX 77088 | IN THE DISTRICT COURT OF |
| *Plaintiff,* | HARRIS COUNTY, TEXAS |
| v. | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, 2520 W.W. Thorne Blvd. Houston, TX 77073 | _____ JUDICIAL DISTRICT |
| LATONYA M. GOFFNEY, in her individual and official capacity, 2520 W.W. Thorne Blvd. Houston, TX 77033 | |
| *Defendants.* | |

**SUMMONS**

THE STATE OF TEXAS

To Each Person Named Above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action. Within twenty (20) days of receiving this Summons, you must respond with a written Answer, as that term is used in Tex. R. Civ. P. 99, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is Harris County Clerk's Office, 201 Caroline St. Houston, TX 77002, and to The LaMarr Firm, Plaintiff's attorney, whose address is 5718 Westheimer Rd., Suite 1000, Houston, TX 77057. You may have an attorney help or represent you.

If you do not provide a proper Answer within twenty (20) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 7TH day of December, 2023.

**The LaMarr Firm, PLLC**

By:  /s/ B'Ivory LaMarr
B'Ivory LaMarr
Bar No.24115075
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
Email:blamarr@bivorylamarr.com



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

**Name(s) of Documents to be served:**  Original Petition of Complaint _____

**FILE DATE:** _12/7/2023_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: Aldine Independent School District _____

Address of Service: _2520 W.W. Thorne Blvd._____

City, State & Zip:__Houston, TX 77073_____     _

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| [X] **Citation** | [ ] **Citation by Posting** | [ ] **Citation by Publication** | [ ] **Citations Rule 106 Service** |

[ ] **Citation Scire Facias**    Newspaper_____

[ ] **Temporary Restraining Order**     [ ] **Precept**          [ ] **Notice**

[ ] **Protective Order**

[ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)

[ ] **Certiorari**            [ ] **Highway Commission/Texas Department of Transportation ($12.00)**

[ ] **Commissioner of Insurance ($12.00)**  [ ] **Hague Convention ($16.00)**  [ ] **Garnishment**

[ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**       [ ] **Sequestration**

[ ] **Subpoena**

[ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
[ ] **ATTORNEY PICK-UP (phone)** _____     [X] **E-Issuance by District Clerk**
[ ] **MAIL to attorney   at:** _____          **(No Service Copy Fees Charged)**
[ ] **CONSTABLE**                        *Note*: The email registered with EfileTexas.gov must be
[ ] **CERTIFIED MAIL by CONSTABLE**         used to retrieve the E-issuance Service Documents.
[ ] **CERTIFIED MAIL by DISTRICT CLERK**     Visit www.hcdistrictclerk.com for more instructions.

[ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____     Phone: _____
[ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  B'Ivory LaMarr_____ Bar # or ID 24115075

Mailing Address: 5718 Westheimer Rd, Suite 1000 Houston, TX 77057

Phone Number:  800-679-4600 ext. 700

# Exhibit 2



# 202384399 - MONROE, LATOYA (ON BEHALF OF HER MINOR CHILD ZS) vs. ALDINE INDEPENDENT SCHOOL DISTRICT (Court 215)

**Print All**  *(non-financial)*

**Chronological History**

## Summary

## Appeals

## Cost Statements

## Transfers

## Post Trial Writs

## Abstracts

## Parties

## Court Costs

## Judgments/Events

## Settings

## Services/Notices

## Court Registry

## Child Support

## Images

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

**You may print and save uncertified copies of documents from the preview window.**

**Purchase Order**

🛒 ( 0 documents )

**Print List** 🖨

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|-----------|------|-------|--------------|-----------|------|-------|-----------------|
| 📄 112098403 | Filing | Defendants Aldine Independent School District And Latonya M. Goffney's Answer To Plaintiffs' Original petition | | | 01/05/2024 | 5 | Add to Basket |
| 📄 111934992 | Filing | Request for Citation | | | 12/22/2023 | 2 | Add to Basket |
| 📄 111934993 | Filing | Request for Citation | | | 12/22/2023 | 2 | Add to Basket |
| 📄 111704916 | Filing | Complaint and Jury Demand | | | 12/07/2023 | 15 | Add to Basket |

| Image No. | | [Reprint Docum... | | | |
|---|---|---|---|---|---|
| 111704918 | Filing | Request for Issuance of Service | 12/07/2023 | 1 | Add to Basket |
| 111704919 | Filing | Request for Issuance of Service | 12/07/2023 | 1 | Add to Basket |
| 111704917 | Filing | Summons | 12/07/2023 | 2 | Add to Basket |

Add Entire Case

# 2023-84399

**COURT:**   215th

**FILED DATE:**   12/7/2023

**CASE TYPE:**   Other Injury or Damage



### MONROE, LATOYA (ON BEHALF OF HER MINOR CHILD ZS)

Attorney: LAMARR, B'IVORY

### vs.

### ALDINE INDEPENDENT SCHOOL DISTRICT

Attorney: GILBERT, CHRISTOPHER BLEWER

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

Unofficial Copy Office of Marilyn Burgess District Clerk

# Exhibit 3

**CAUSE NUMBER _____**

---

LATOYA MONROE individually and on behalf of minor child, ZS, 7302 Alabonson Road Apt #302 Houston, TX 77088

      *Plaintiff,*

v.

ALDINE INDEPENDENT SCHOOL DISTRICT, 2520 W.W. Thorne Blvd. Houston, TX 77073


LATONYA M. GOFFNEY, in her individual and official capacity,  2520 W.W. Thorne Blvd. Houston, TX 77033


      *Defendants.*

IN THE DISTRICT COURT OF


HARRIS COUNTY, TEXAS


_____ JUDICIAL DISTRICT

---

**SUMMONS**

---

THE STATE OF TEXAS

To Each Person Named Above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action. Within twenty (20) days of receiving this Summons, you must respond with a written Answer, as that term is used in Tex. R. Civ. P. 99, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is Harris County Clerk's Office, 201 Caroline St. Houston, TX 77002, and to The LaMarr Firm, Plaintiff's attorney, whose address is 5718 Westheimer Rd., Suite 1000, Houston, TX 77057. You may have an attorney help or represent you.

If you do not provide a proper Answer within twenty (20) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 7TH day of December, 2023.

                                        **The LaMarr Firm, PLLC**

                                        By: /s/ B'Ivory LaMarr
                                        B'Ivory LaMarr
                                        Bar No.24115075
                                        5718 Westheimer Rd., Suite 1000
                                        Houston, TX 77057
                                        Phone: (800) 679-4600 ext. 700
                                        Email:blamarr@bivorylamarr.com

12/22/2023 7:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82828577
By: Connor Harrison
Filed: 12/22/2023 7:46 AM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:**  Original Petition of Complaint

**FILE DATE:**  _12/7/2023_____  Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Aldine Independent School District

Address of Service:   2520 W.W. Thorne Blvd.

City, State & Zip:   Houston, TX 77073

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)**

| | | | |
|---|---|---|---|
| ☒ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |

☐ Citation Scire Facias    Newspaper_____

☐ Temporary Restraining Order        ☐ Precept        ☐ Notice

☐ Protective Order

☐ Secretary of State Citation ($12.00)    ☐ Capias (not by E-Issuance)    ☐ Attachment (not by E-Issuance)

☐ Certiorari        ☐ Highway Commission/Texas Department of Transportation ($12.00)

☐ Commissioner of Insurance ($12.00)    ☐ Hague Convention ($16.00)    ☐ Garnishment

☐ Habeas Corpus (not by E-Issuance)    ☐ Injunction        ☐ Sequestration

☐ Subpoena

☐ Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____        **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**            used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**        Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  B'Ivory LaMarr_____ Bar # or ID 24115075

Mailing Address: 5718 Westheimer Rd, Suite 1000 Houston, TX 77057

Phone Number:  800-679-4600 ext. 700

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

B'Ivory LaMarr on behalf of B'Ivory LaMarr
Bar No. 24115075
blamarr@lamarrfirm.com
Envelope ID: 82828577
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 12/22/2023 8:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| B'Ivory LaMarr | | blamarr@lamarrfirm.com | 12/22/2023 7:46:58 AM | SENT |

12/22/2023 7:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82828577
By: Connor Harrison
Filed: 12/22/2023 7:46 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**Name(s) of Documents to be served:**   Original Petition of Complaint

**FILE DATE:**  _12/7/2023_____    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**:  LATONYA M. GOFFNEY_____

Address of Service:    2520 W.W. Thorne Blvd.

City, State & Zip:    Houston, TX 77073

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☒ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |

☐ **Citation Scire Facias**   **Newspaper**_____

☐ **Temporary Restraining Order**    ☐ **Precept**    ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**    ☐ **Capias** (not by E-Issuance)    ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**    ☐ **Highway Commission/Texas Department of Transportation ($12.00)**

☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)    ☐ **Injunction**    ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    ***Note***: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  B'Ivory LaMarr_____ Bar # or ID 24115075

Mailing Address: 5718 Westheimer Rd, Suite 1000 Houston, TX 77057

Phone Number:   800-679-4600 ext. 700

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

B'Ivory LaMarr on behalf of B'Ivory LaMarr
Bar No. 24115075
blamarr@lamarrfirm.com
Envelope ID: 82828577
Filing Code Description: No Fee Documents
Filing Description: No Fee Documents
Status as of 12/22/2023 8:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| B'Ivory LaMarr | | blamarr@lamarrfirm.com | 12/22/2023 7:46:58 AM | SENT |

# Exhibit 4

1/5/2024 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83133073
By: Brenda Espinoza
Filed: 1/5/2024 2:24 PM

CAUSE NO. 2023-84399

| | | |
|---|---|---|
| LATOYA MONROE, individually and on behalf of minor child, ZS, 7302 Alabonson Road Apt #302 Houston, TX 77088 | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, 2520 W.W. Thorne Blvd. Houston, TX 77073 | § § § § | HARRIS COUNTY, TEXAS |
| LATONYA M. GOFFNEY, in her individual and official capacity, 2520 W.W. Thorne Blvd. Houston, TX 77033 | § § § § | |
| *Defendants.* | § | 215th JUDICIAL DISTRICT |

## DEFENDANTS ALDINE INDEPENDENT SCHOOL DISTRICT AND LATONYA M. GOFFNEY'S
### ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendants Aldine Independent School District (the "District") and LaTonya M. Goffney answer Plaintiffs' Original Petition, as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny all of the allegations in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

In asserting the following defenses, Defendants do not admit that they have the burden of proving the allegations or denials contained in the defenses, but, to the contrary, assert that Plaintiffs have the burden of proving the facts relevant to many of the defenses, and the burden of proving the

inverse of the allegations contained in many of the defenses. Moreover, by asserting any defense, Defendants do not admit any liability, but, to the contrary, specifically deny any and all allegations of liability in Plaintiffs' Original Petition. Without admitting liability as to any of Plaintiffs' allegations, Defendants assert the following defenses and affirmative defenses:

1.    Plaintiffs' negligence and/or gross negligence claims against Defendants are barred by governmental immunity.

2.    Plaintiffs' negligence and/or gross negligence claims against Defendant Goffney are barred by statutory immunity, *see* TEX. EDUC. CODE § 22.0511, and common law immunity. *See City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex. 1994); *Campbell v. Jones*, 264 S.W.2d 425 (Tex. 1954).

3.    Defendant Goffney asserts that she is an improper defendant in this matter, under the elections of remedies scheme set forth in the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.106(f).

4.    Defendant Goffney asserts that she is entitled to qualified immunity from liability on the Plaintiffs' claims that are based upon alleged violations of their constitutional or statutory rights. Defendant Goffney did not take any actions that she knew or should have known violated the Plaintiffs' clearly-established constitutional or statutory rights. Defendant Goffney is therefore entitled to qualified immunity, and she is immune from both liability and discovery in this action. *See Nieto v. San Perlita Ind. Sch. Dist.*, 894 F.2d 174 (5th Cir. 1990).

5.    The court lacks subject-matter jurisdiction over Plaintiffs' claims.

6.    Plaintiffs' claims against Defendants under 20 U.S.C. § 1681 fail as a matter of law.

7.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff LaToya Monroe lacks standing to assert claims in her individual capacity.

8.    Plaintiffs' claims against Defendants under 42 U.S.C. § 1983 fail as a matter of law.

9.    Plaintiffs have failed to state a valid claim upon which relief may be granted.

10.     Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to mitigate their damages, if any.

11.     Any claim for emotional distress damages under 20 U.S.C. § 1681 fails as a matter of law. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022).

**IV.**
**PRAYER**

Defendants Aldine Independent School District and LaTonya M. Goffney respectfully request that the Court issue a judgment that Plaintiffs take nothing on their claims, assess court costs against Plaintiffs, and award Defendants all other relief to which they are entitled, at law or in equity.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: _/s/ Christopher B. Gilbert_
          Christopher B. Gilbert
          Texas Bar No. 00787535
          cgilbert@thompsonhorton.com
          Alexa Gould
          Texas Bar No. 24109940
          agould@thompsonhorton.com

3200 Southwest Freeway, Suite 2000
Houston, Texas  77027
Telephone: (713) 554-6714
Facsimile:  (713) 583-9611

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

On January 5, 2024, I electronically served the foregoing document on the following counsel of record pursuant to the Texas Rules of Civil Procedure:

B'Ivory LaMarr
The LaMarr Firm, PLLC
5718 Westheimer Rd., Suite 1000
Houston, TX 77057

Sheridan Todd Yearly
The Yeary Firm, LLC
P.O. Box 682
Columbia, MD 21045

By: /s/ Christopher B. Gilbert
    Christopher B. Gilbert

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Linda Price on behalf of Christopher Gilbert
Bar No. 787535
lprice@thompsonhorton.com
Envelope ID: 83133073
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendants Answer to Pltf's Original Petition
Status as of 1/5/2024 2:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| B'Ivory LaMarr | | blamarr@lamarrfirm.com | 1/5/2024 2:24:41 PM | SENT |
| Christopher Gilbert | | cgilbert@thompsonhorton.com | 1/5/2024 2:24:41 PM | SENT |
| Alexa Gould | | agould@thompsonhorton.com | 1/5/2024 2:24:41 PM | SENT |
| Linda Price | | lprice@thompsonhorton.com | 1/5/2024 2:24:41 PM | SENT |

# Exhibit 5

## PARTIES AND COUNSEL OF RECORD

Plaintiff Latoya Monroe, Individually and on behalf of minor child, ZS
Represented by:           B'Ivory LaMarr
                                The LaMarr Firm, PLLC
                                5718 Westheimer Rd., Suite 1000
                                Houston, TX 77057
                                Telephone: (800) 679-4600 ext. 700
                                blamarr@bivorylamarr.com

                                Sheridan Todd Yearly
                                The Yeary Firm, LLC
                                P.O. Box 682
                                Columbia, MD 21045
                                Telephone: (202) 770-7204
                                Facsimile: (410) 275-3199
                                styeary@yearylegal.com


Defendant Beaumont Independent School District and Latonya M. Goffney
Represented by:           Christopher B. Gilbert
                                  Texas Bar No. 00787535
                                cgilbert@thompsonhorton.com
                                Alexa Gould
                                Texas Bar No. 24109940
                                agould@thompsonhorton.com
                                3200 Southwest Freeway, Suite 2000
                                Houston, Texas 77027
                                Telephone: (713) 554-6744
                                Facsimile: (713) 583-7698

4855-5334-7996, v. 1