IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| LATOYA MONROE, as "Next Friend" on behalf of minor child, ZS, <br><br> *Plaintiff,* <br><br> v. <br><br> ALDINE INDEPENDENT SCHOOL DISTRICT, DR. LATONYA GOFFNEY, in her individual and official capacity as Superintendent of Schools, and SCHOOL ADMINISTRATOR DOE, in his/her individual or official capacity as school administrator in Aldine ISD, <br><br> *Defendants.* | Case No. 4:24-cv-00139 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

PLAINTIFF LaToya Monroe, on behalf of her minor child ZS, files this First Amended Complaint against Defendants Aldine Independent School District ("Aldine ISD") and Dr. LaTonya Goffney, in her individual and official capacity as Superintendent, and School Administrator Doe in his/her individual and official capacity, and alleges as follows:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff, LATOYA MONROE (hereinafter "Ms. Monroe") on behalf of minor child, ZS, is a citizen of the State of Texas and resides in Harris County, Texas.

1

2. The ALDINE INDEPENDENT SCHOOL DISTRICT (hereafter "Aldine ISD") is a public school district based in unincorporated Harris County, Texas. Its principal place of operation is 2520 W.W. Thorne Blvd, Houston, TX 77073.

3. Defendant Dr. Latonya Goffney is a real person who, at all times relevant, was the superintendent of schools for Aldine ISD.

4. Defendant School Administrator Doe is a real person who, at all times relevant, was a school administrator at Carter Elementary School, which is a school in Aldine ISD.

5. The incidents giving rise to this action occurred on or about February 1, 2023, and some time thereafter in Harris County, Texas.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States. Additionally, jurisdiction is established based on the Defendants' removal action from state court under 28 U.S.C. § 1441.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred within this district.

## FACTUAL BACKGROUND

8. At all relevant times, ZS was a 6-year-old student enrolled in an elementary school within Aldine ISD.

9. The perpetrator of the sexual assaults against ZS was a middle school student, approximately 12 years old, enrolled in a different school within Aldine ISD.

10. Despite the significant age and developmental differences between ZS and the perpetrator, Aldine ISD Board of Trustees, through authority delegated to the Superintendent of Schools assigned both students to the same bus route without providing a bus monitor.

11. The Aldine ISD Student/Parent Handbook states: "Bus routes and stops will be designated annually." Aldine ISD took the affirmative steps of designating ZS and the perpetrating student of significantly older age to the same bus route without ensuring ZS's safety while on the bus.

12. The Student/Parent Handbook further specifies: "When riding in district vehicles, students are held to behavioral standards established in this handbook and the Student Code of Conduct." As early as October 2022, the assigned bus driver observed occasions where ZS would not "stay in his seat" while the bus was in motion. It is believed that the enticing behavior that is part of the multiple sexual assaults was occurring during this period.

13. Additionally, the Student/Parent Handbook states: "For safety purposes, the district uses video and audio recording equipment to monitor student behavior, including on buses and in common areas on campus. Students will not be told when the equipment is being used." It is known that the student conduct at issue was captured on bus video.

14. The Student/Parent Handbook also indicates: "The principal will review the video and audio recordings as needed and document student misconduct. Discipline will be in accordance with the Student Code of Conduct." It is clear that neither principal at either Carter or Impact reviewed any video or audio to document any misconduct prior to February of 2023, even though there were prior incidents and reports of inappropriate behavior on the bus the prior fall of 2022. Aldine ISD Board of Trustees failed to ensure compliance with its clearly established policy, creating an environment of indifference to student safety and the safety of ZS.

15. Prior to February 1, 2023, Aldine ISD had actual notice of the risk of sexual abuse on school buses. Specifically:

    a. On or about November 1, 2022, a student reported to a teacher inappropriate touching on the school bus that ZS traveled in.

    b. On or about November 1, 2022, ZS's first grade teacher reached out to Ms. Monroe about the report of inappropriate touching on the bus, and that the incidents were believed to involve ZS. A school administrator believed to be an assistant principal spoke with Ms. Monroe about the alleged incidents, and Ms. Monroe raised concerns about lack of supervision on Bus Route [number], expressing concern about ZS's safety.

16. Despite this notice, Aldine ISD Board of Trustees failed to enforce existing policies and procedures and failed to implement any new policies or procedures to address the known risks.

17. On February 1, 2023, ZS returned home without his backpack. Upon inquiry, Ms. Monroe was contacted by an Aldine ISD police officer who showed her video footage of ZS being sexually assaulted by the older student on the school bus at some point prior to that date.

18. It was then discovered that the same older student had been sexually assaulting ZS on the school bus on at least 2 other occasions over several weeks prior to February 1, 2023.

19. After learning of ZS's assault on February 1, 2023, Aldine ISD's response was clearly unreasonable and amounted to deliberate indifference:

    a. No counseling or support services were offered to ZS for several weeks after the assault was reported.

    b. The district's investigation was unreasonably delayed, with key witnesses not interviewed.

    c. Despite multiple requests from Plaintiff, no changes were made to bus monitoring policies for the remaining months that ZS remained enrolled at Carter. He was transferred to a different school prior to the end of the 2023-2024 school year.

20. The Aldine ISD Board of Trustees has an established custom of allowing unsupervised mixed-age bus rides, as evidenced by maintaining written transportation policies approved by the Board that do not require age segregation or monitors on buses.

21. The Aldine ISD Board of Trustees acted with deliberate indifference to the obvious risk created by this custom by failing to make necessary corrections to transportation policy as a result of the transportation audit that was begun in late 2019.

22. Superintendent Goffney was personally involved in perpetuating the unconstitutional customs that led to ZS's assault in that Goffney failed to ensure compliance with procedures outlined in the district Student/Parent handbook that requires the review of bus cameras by school principals to ensure student conduct and safety.

23. Despite having video monitoring equipment on buses, Aldine ISD failed to adequately review and act upon the footage, allowing the sexual assaults against ZS to continue for several weeks without detection or intervention.

## CAUSES OF ACTION

### Count I - *Violation of Title IX (Against Aldine ISD)*

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. Aldine ISD receives federal funding and is subject to the requirements of Title IX.

26. Aldine ISD had actual knowledge of the risk of sexual harassment and assault on its buses prior to the incidents involving ZS, as evidenced by previous reports of inappropriate touching on buses in late 2022. Additionally, Ms. Monroe raised the concern with School Administrator Doe in the November 2022 conversation about bus monitors and the lack of supervision.

27. The District's Board of Trustees policy of video monitoring student behavior on buses "for safety purposes" is indicative of the District's knowledge of safety risks on its buses.

28. Despite this knowledge, Aldine ISD Board of Trustees acted with deliberate indifference by failing to implement adequate supervision measures on buses; continuing to authorize the assigning students of vastly different ages to the same bus routes; failing to ensure compliance with proper review and action upon video footage from buses; responding inadequately and unreasonably slowly to the reports of ZS's assault.

29. Aldine ISD Board of Trustees' deliberate indifference to known risks of unlawful harassment and assault resulted in ZS being subjected to severe, pervasive, and objectively offensive sexual harassment that deprived him of access to educational opportunities provided by the school.

**Count II** - *Violation of 42 U.S.C. § 1983 (Against Aldine ISD)*

30. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

31. The Aldine ISD Board of Trustees, as the final policymaker for the district, established and maintained an official policy and custom of allowing for the designating bus routes that mix students of vastly different ages and developmental levels; assigning elementary and middle school students to the same bus routes; failing to provide bus monitors on routes with mixed-age students; inadequately reviewing video footage from bus cameras.

32. This policy and custom was enacted and maintained with deliberate indifference to the obvious risk of constitutional violations, as evidenced by: ignoring national and regional reports on the dangers of unsupervised mixed-age transportation; disregarding statistical data showing increased student-on-student assaults; failing to act on prior reported incidents of sexual misconduct on buses; failing to increase bus safety through the use of bus monitors on routes where there are reports of misconduct.

33. The Aldine ISD's deliberate indifference to these obvious risks created a dangerous environment for poor students of color like ZS, violating their right to bodily integrity under the Fourteenth Amendment's Equal Protection Clause.

34. By designating bus routes and assigning students to those routes without proper safeguards, Aldine ISD created the danger that led to ZS's assault. The district's actions went beyond mere passive inaction and actively created the dangerous situation that ZS faced.

35. This policy and custom were the moving force behind the violation of ZS's constitutional rights to bodily integrity and equal protection.

**Count III** - *Violation of 42 U.S.C. § 1983 (Against Superintendent Goffney)*

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. Superintendent Goffney, in her official capacity, was responsible for implementing and overseeing district policies ratified by the Board of Trustees, including those related to student transportation and safety.

38. Goffney was individually and personally involved in perpetuating the unconstitutional customs that led to ZS's assault, as evidenced by failing to implement new safety measures after notice of prior incidents or ensuring that the district drivers and the transportation director were adhering to the policy on students standing while the bus was operated or ensuring regular review of bus cameras to ensure student safety.

39. Plaintiff alleges that Defendant Goffney acted with reckless or callous indifference to the Plaintiff's federally protected rights by failing to ensure compliance with the school district's policies concerning student safety. Despite being aware of the potential risks and dangers posed to students, the Defendant consciously disregarded these substantial and unjustified risks by neglecting to implement and enforce necessary safety measures concerning the transport of students of different age groups and ensuring that principals conducted diligent periodic review of bus cameras in response to safety concerns and to ensure student conduct. This failure to act in accordance with established safety protocols represents a significant departure from the standard of care expected of a reasonable school administrator under similar circumstances.

40. Defendant Goffney's actions, or lack thereof, reflect a conscious indifference to the rights of ZS, thereby violating the ZS's federally protected rights under 42 U.S.C. § 1983. The Defendant's conduct was not merely negligent but demonstrated a deliberate or reckless disregard for the safety and well-being of the students, including the Plaintiff, warranting an award of punitive damages to deter such conduct in the future.

**Count IV** - *Violation of 42 U.S.C. § 1983 (Against School Administrator Doe)*

41. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
42. School Administrator Doe, in his/her individual and/or official capacity, was responsible for implementing and overseeing district policies, including those related to student transportation and safety at Carter Elementary School.
43. Doe was individually and personally involved in perpetuating the unconstitutional customs that led to ZS's assault, as evidenced by failing to address safety concerns after notice of prior incidents of inappropriate touching on a school bus or ensuring that the proper follow-up regarding the reported misconduct was initiated and followed through.
44. Plaintiff alleges that Defendant Doe acted with reckless or callous indifference to the Plaintiff's federally protected rights by failing to ensure compliance with the school district's policies concerning student safety after receiving notice concerning inappropriate, assaultive behavior on one of the busses assigned to Carter school. Despite being aware of the potential risks and dangers posed to students, the Defendant consciously disregarded these substantial and unjustified risks by neglecting to properly follow up on the report of misconduct and ensuring that a diligent

review of bus cameras in response to reported safety concerns was completed to ensure proper student conduct. This failure to act in accordance with established safety protocols represents a significant departure from the standard of care expected of a reasonable school administrator under similar circumstances.

45. Defendant Doe's actions, or lack thereof, reflect a conscious indifference to the rights of ZS, thereby violating the ZS's federally protected rights under 42 U.S.C. § 1983. The Defendant's conduct was not merely negligent but demonstrated a deliberate or reckless disregard for the safety and well-being of the students, including the Plaintiff, warranting an award of punitive damages to deter such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a) Compensatory damages in an amount to be determined at trial;

b) Punitive damages in an amount to be determined at trial;

c) Injunctive relief requiring Aldine ISD to implement proper safety measures on school buses;

d) Attorney's fees and costs;

e) Any other relief the Court deems just and proper.

Respectfully submitted,

**The LaMarr Firm, PLLC**

By: /s/ B'Ivory LaMarr
B'Ivory LaMarr, Bar No. 24115075
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
Email: blamarr@bivorylamarr.com

10

**The Yeary Firm, LLC**

By: ___/s/ Sheridan T. Yeary
Sheridan T. Yeary, Bar No. # MD21657
P.O. Box 682
Columbia, MD 21045
(202)770-7204 (o); 410-275-3199(f)
styeary@yearylegal.com

*Attorneys for Plaintiff*


## **PRAYER FOR JURY TRIAL**

Plaintiff requests a jury trial for all matters so triable.

**The LaMarr Firm, PLLC**

By: /s/ B'Ivory LaMarr
B'Ivory LaMarr, Bar No. 24115075
5718 Westheimer Rd., Suite 1000
Houston, TX 77057
Phone: (800) 679-4600 ext. 700
Email: blamarr@bivorylamarr.com


**The Yeary Firm, LLC**

By: ___/s/ Sheridan T. Yeary
Sheridan T. Yeary, Bar No. # MD21657
P.O. Box 682
Columbia, MD 21045
(202)770-7204 (o); 410-275-3199(f)
styeary@yearylegal.com

*Attorneys for Plaintiff*

11

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served by electronic mail on this 14th day of August 2024 upon all attorneys of record via ECF.

        **The LaMarr Firm, PLLC**

        By: /s/ B'Ivory LaMarr
        B'Ivory LaMarr, Bar No. 24115075
        5718 Westheimer Rd., Suite 1000
        Houston, TX 77057
        Phone: (800) 679-4600 ext. 700
        Email: blamarr@bivorylamarr.com


        **The Yeary Firm, LLC**

        By: /s/ Sheridan T. Yeary
        Sheridan T. Yeary, Bar No. # MD21657
        P.O. Box 682
        Columbia, MD 21045
        (202)770-7204 (o); 410-275-3199(f)
        styeary@yearylegal.com

        *Attorneys for Plaintiff*